09-5076-ag
Camara v. Holder

BIA
A077 901 839/840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand fourteen.

PRESENT:
          JON O. NEWMAN,
          ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
               *Circuit Judges.*

_____

DJENABA CAMARA, MAMADOU ALOU KANTE,
          *Petitioners,*

          v.                                    09-5076-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:      Andrew P. Johnson, New York, NY.

FOR RESPONDENT:       Tony West, Assistant Attorney General;
                      Daniel E. Goldman, Senior Litigation
                      Counsel; Brianne Whelan Cohen, Trial
                      Attorney, Office of Immigration
                      Litigation, United States Department of
                      Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Djenaba Camara and Mamadou Alou Kante, natives and citizens of Guinea, seek review of a November 13, 2009, decision of the BIA denying their untimely motion to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re Djenaba Camara, Mamadou Alou Kante,* Nos. A077 901 839/840 (B.I.A. Nov. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

On petitions for review of denied statutory motions to reopen, we review the BIA's conclusions of law de novo. *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011). When the BIA has applied the correct law, we review its decision for abuse of discretion. *Id.; Iavorski v. U.S. INS*, 232 F.3d 124, 128 (2d Cir. 2000). To reopen removal proceedings to apply or reapply for asylum after the time for filing a motion to reopen has passed, the motion must establish both changed country conditions and prima facie eligibility for relief. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008).

2

The BIA did not err in concluding that petitioners failed to demonstrate their *prima facie* eligibility for relief based on their opposition to female genital mutilation ("FGM") because they did not submit evidence of their active or public opposition to FGM, *see Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (providing that "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities" in order to establish a well-founded fear of persecution), and because the country conditions evidence did not indicate that such individuals are persecuted.

Petitioners argue that the BIA overlooked material evidence in concluding that petitioners could not establish eligibility for relief based solely on their daughters' likely subjection to FGM. Petitioners' argument is unavailing because the BIA concluded, as a matter of law, that a parent may not obtain relief based solely on his or her daughter's risk of FGM. As petitioners have not challenged the BIA's legal conclusion and interpretation of *In re A-K-*, 24 I. & N. Dec. 275 (BIA 2007), we consider that issue abandoned on appeal. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4